IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JAMES GRATES, | |
| Plaintiff, | Civil Action File No. |
| vs. | |
| OLDE SCHOOL TOOL REPAIR, LLC and SCOTT ALDRICH, | |
| Defendants. | |

## COMPLAINT

Plaintiff James Grates ("Grates") brings this Complaint against Defendants Olde School Tool Repair, LLC ("Olde School"), Scott Aldrich ("Aldrich"), (collectively "Defendants") and shows the Court as follows:

**1.  INTRODUCTION**

1.

This is a wage and hour case. Grates brings this action because Defendants failed to pay him an overtime premium as required by the FLSA when they paid him straight time for all hours worked after announcing that Olde School does not pay overtime.

## 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Southern District of Georgia under 28 U.S.C. § 1391 because Olde School is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

4.

Grates resides in Columbia County, Georgia.

5.

From approximately January 2016 through December 11, 2017 ("the Relevant Time Period"), Grates was an "employee" of Olde School as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

During the Relevant Time Period, Olde School was an "employer" of Grates as defined in FLSA § 3(d), 29 U.S.C. §203(d).

7.

Olde School is a domestic limited liability company organized under the laws of the State of Georgia.

8.

Olde School is subject to the personal jurisdiction of this Court.

9.

Olde School may be served with process through its registered agent Matthew E. McFarland located at 4567 Cox Road, Evans, Georgia 30809.

10.

Aldrich resides within Columbia County, Georgia

11.

Aldrich is subject to the personal jurisdiction of this Court.

12.

During the Relevant Time Period, Grates was an "employee" of Aldrich as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

During the Relevant Time Period, Aldrich was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.

Aldrich may be served with process at his principal office address at 4567 Cox Road, Evans, Georgia 30809.

### 4. ENTERPRISE COVERAGE:

15.

During the Relevant Time Period, Olde School was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2016, Olde School had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2017, Olde School had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2016, Olde School had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2017, Olde School had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2016, Olde School had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2017, Olde School had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During the Relevant Time Period, Olde School was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

5. **STATUTORY EMPLOYER**

23.

During the Relevant Time Period, Olde School operated an enterprise located at 4567 Cox Road, Evans, Georgia 30809.

24.

Defendants employed Grates as a tool technician at Olde School from in or about January 2016 until December 11, 2017.

25.

During the Relevant Time Period, Aldrich exercised operational control over Olde School.

26.

During the Relevant Time Period, Aldrich exercised operational control over the work activities of Grates.

27.

During the Relevant Time Period, Aldrich was involved in the day to day operation of the Olde School.

28.

During the Relevant Time Period, Olde School vested Aldrich with supervisory authority over Grates.

29.

During the Relevant Time Period, Aldrich exercised supervisory authority over Grates.

30.

During the Relevant Time Period, Aldrich scheduled Grates 's working hours or supervised the scheduling of Grates' working hours.

31.

During the Relevant Time Period, Aldrich exercised authority and supervision over Grates' compensation.

32.

During the Relevant Time Period, Grates was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

33.

During the Relevant Time Period, Olde School did not employ Grates in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

34.

During the Relevant Time Period, Olde School did not employ Grates in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

35.

During the Relevant Time Period, Olde School did not employ Grates in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

36.

During the Relevant Time Period, Olde School did not employ Grates in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

6. **ADDITIONAL ALLEGATIONS**

37.

During the Relevant Time Period, Defendants assigned Grates the primary duty consisted of repairing tools.

38.

Grates did not exercise significant discretion when performing work related duties on behalf of Defendants.

39.

Upon hire, Defendants advised Grates that he would be compensated at an hourly rate of pay of $12.50 per hour.

40.

Upon hire, Defendants advised Grates that his regular scheduled working hours would be from 7:30 a.m. through 5:30 p.m., Monday through Friday.

41.

During the Relevant Time Period, Grates normally worked from 7:00 a.m., until 6:00 p.m., Monday through Friday.

42.

From approximately January 2016 through June 2017, Grates normally worked every Saturday.

43.

At all times during the Relevant Time Period, Grates regularly worked in excess of 40 hours during each work week.

44.

Grates regularly worked 55-65 hours during each work week when he worked Monday through Friday.

45.

Grates regularly worked 60-66 hours during each work week when he also worked on Saturdays.

46.

Defendants compensated Grates at his regular hourly rate (*i.e.* "straight pay") regardless of the number of hours he worked during each work week.

47.

At all times during the relevant time period, Defendants failed to pay Grates an overtime premium for each hour he worked in excess of 40 hours during each work week.

48.

At all times during the Relevant Time Period, Defendants failed to pay Grates at one-and-one-half times his regular rate for work performed in excess of 40 hours in a workweek.

7. COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

49.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

50.

During the Relevant Time Period, Grates was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

51.

From approximately January 2016 through December 11, 2017, Grates regularly worked in excess of forty (40) hours each week.

52.

Defendants failed to pay Grates at one-and-one-half times his regular rate for work in excess of forty (40) hours for all work weeks from approximately January 2016 through December 11, 2017.

53.

Defendants willfully failed to pay Grates at one-and-one-half times his regular rate for work in excess of forty (40) hours in all work weeks from approximately January 2016 through December 11, 2017.

54.

Grates is entitled to payment of due but unpaid overtime compensation in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Grates is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Grates is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                                D<small>E</small>L<small>ONG</small> C<small>ALDWELL</small> B<small>RIDGERS
                                                F<small>ITZPATRICK</small> & B<small>ENJAMIN</small>, LLC

| | |
|---|---|
| 3100 Centennial Tower | */s/ Michael A. Caldwell* |
| 101 Marietta Street | Michael A. Caldwell |
| Atlanta, Georgia 30303 | Ga. Bar No. 102775 |
| (404) 979-3150 | |
| (404) 979-3170 (f) | */s/Charles R. Bridgers* |
| charlesbridgers@dcbflegal.com | Charles R. Bridgers |
| | Ga. Bar No. 080791 |
| | |
| | Counsel for Plaintiff |