**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| JAMES GRATES, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:18-CV-00050-JRH-BKE |
| | : | |
| OLDE SCHOOL TOOL REPAIR, LLC and SCOTT ALDRICH | : | |
| | : | |
|     Defendants. | : | |

## **ANSWER**

COME NOW OLDE SCHOOL TOOL REPAIR, LLC, and SCOTT ALDRICH ("Defendants"), by and through undersigned counsel, and make their Answer to Plaintiff's Complaint herein as follows:

### **FIRST DEFENSE**

In response to the allegations set forth in the numbered paragraphs of the Complaint, Defendants respond as follows:

#### **I.  INTRODUCTION**

1. Paragraph 1 of the Complaint is a statement of the nature of the Plaintiff's Complaint. To the extent that a response is deemed required, Defendants admit only that Plaintiff purports to bring an action under the Fair Labor Standards Act ("FLSA"). Defendants deny all remaining allegations in Paragraph 1, and specifically deny that they violated the FLSA and that Plaintiff is entitled to any relief under that statute.

## II.     JURISDICTION AND VENUE

2. Defendants admit only that this Court has subject matter jurisdiction over this matter but deny that there is any liability to Plaintiff under the FLSA.

3. Defendants admit the allegations contained in Paragraph 3.

## III.    THE PARTIES

4. In response to the allegations contained in Paragraph 4 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to where Plaintiff resides.

5. Defendants admit only that Plaintiff was employed by Defendant Olde School Tool Repair from approximately January 2016 until December 11, 2017. The remaining allegation in Paragraph 5 is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

6. Defendants admit only that Plaintiff was employed by Defendant Olde School Tool Repair from approximately January 2016 until December 11, 2017. The remaining allegation in Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, it is denied.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants deny the allegations contained in Paragraph 11.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants admit the allegations contained in Paragraph 14.

### IV.     ENTERPRISE COVERAGE

15. The allegations contained in Paragraph 15 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

16. Defendants admit only that Defendant Olde School Tool Repair employed two or more employees. The remaining allegations in Paragraph 16 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

17. Defendants admit only that Defendant Olde School Tool Repair employed two or more employees. The remaining allegations in Paragraph 17 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

18. Defendants admit only that Defendant Olde School Tool Repair employed two or more employees. The remaining allegations in Paragraph 18 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

19. The allegations contained in Paragraph 19 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. The allegations contained in Paragraph 22 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

### V.     STATUTORY EMPLOYER

23. Defendants admit the allegations contained in Paragraph 23.

24. Defendants admit only that Plaintiff was employed by Defendant Olde School Tool Repair from approximately January 2016 until December 11, 2017. Any and all remaining allegations are denied.

25. Defendants admit the allegations contained in Paragraph 25.

26. Defendants admit the allegations contained in Paragraph 26.

27. Defendants admit the allegations contained in Paragraph 27.

28. Defendants admit the allegations contained in Paragraph 28.

29. Defendants admit the allegations contained in Paragraph 29.

30. Defendants admit the allegations contained in Paragraph 30.

31. Defendants admit the allegations contained in Paragraph 31.

32. The allegations contained in Paragraph 32 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

33. The allegations contained in Paragraph 33 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

34. The allegations contained in Paragraph 34 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

35. The allegations contained in Paragraph 35 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

36. The allegations contained in Paragraph 36 constitute a legal conclusion to which no response is required. To the extent a response is required, it is denied.

### VI.   ADDITIONAL ALLEGATIONS

37. Defendants admit the allegations contained in Paragraph 37.

38. Defendants admit the allegations contained in Paragraph 38.

39. Defendants admit only that Plaintiff was advised that he would be compensated at an hourly rate of pay of $12.50 per hour for the first fourteen (14) billable hours he worked in a given week. For further answer, Defendants state that all hours above fourteen (14) were compensated at a higher pay rate.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43, as pleaded.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

### VII.   COUNT I – FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

49. In response to the allegations contained in Paragraph 49 of the Complaint, Defendants adopt and incorporate by reference its responses to Paragraphs 1 through 48 above, as if fully stated herein.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. In response to Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief.

58. Defendants deny any and all remaining allegations contained in the Complaint other than those allegations specifically admitted in Paragraphs 1 through 57 above.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Any claims for overtime liability under FLSA Section 7, 29 U.S.C. §207, are barred because Defendant Olde School Tool Repair is not a covered employer under the enterprise liability provisions of the FLSA. Defendant Olde School Tool Repair does not have an annual dollar volume of sales in excess of $500,000.

## FOURTH DEFENSE

Any claims for overtime liability under FLSA Section 7, 29 U.S.C. §207, are barred because Plaintiff is not a covered employee under the individual coverage provisions of the FLSA. Plaintiff's work did not regularly involve interstate commerce or the production of goods for commerce.

## FIFTH DEFENSE

Any claims for overtime liability and liquidated damages for a period in excess of two years prior to filing of this action are barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

## SIXTH DEFENSE

Even if any violations of the Fair Labor Standards Act were found to be willful, any claims for overtime liability and liquidated damages for a period in excess of three years prior to the date of filing of this action are barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## SEVENTH DEFENSE

Any claims for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, are barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 260, as Defendants were at all times acting in good faith and had reasonable grounds for believing that their actions were not in violation of the Fair Labor Standards Act.

## EIGHTH DEFENSE

Even if Plaintiff was deemed an employee and were covered under the FLSA, any damages for unpaid overtime wages that Plaintiff is claiming would be offset by any pay he was paid and/or overpaid for a particular workweek or by any pay that Defendants were not required to pay to Plaintiff for a particular workweek.

## NINTH DEFENSE

To the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize, or avoid any damages allegedly sustained, any such economic damages against Defendants are barred.  Alternatively, any claims for damages must be reduced by any pay, benefits or other compensation earned by Plaintiff during the period in question.

## TENTH DEFENSE

To the extent that Plaintiff's claims are barred by the doctrines of waiver, payment, laches, release, accord and satisfaction, and/or estoppel, the claims should be dismissed.

### ELEVENTH DEFENSE

Even if Plaintiffs was covered under the FLSA, to the extent Defendants made any payments to Plaintiff for work performed in addition to wages, Defendants are entitled to offset such amounts from any potential recovery in this case.

### TWELFTH DEFENSE

Plaintiff is not entitled to compensation for some or all of the hours allegedly worked by to the extent the activities at issue are excluded from compensability.

### THIRTEENTH DEFENSE

All or part of Plaintiff's claims are barred by the *de minimis* doctrine.

### FOURTEENTH DEFENSE

To the extent that discovery reveals that Plaintiff performed work without Defendants' knowledge, Defendants are not liable to Plaintiff.

### SIXTEENTH DEFENSE

Because no discovery has yet occurred in this action, Defendants reserve the right to assert further defenses as appropriate.

**WHEREFORE**, Defendants pray that:

(a)   Plaintiffs take nothing by reason of the Complaint;

(b)   The Complaint be dismissed;

(c)   Judgment be entered for Defendants on the Complaint;

(d)   Defendants be awarded their costs of defending this lawsuit;

(e)   Defendants be awarded attorneys' fees incurred in defending this lawsuit; and

(f)   Defendants be awarded such other and further relief that this Court deems proper.

Respectfully submitted, this 9th day of July, 2018.

                                          CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

                                        /s/ Alyssa K. Peters
                                        ALYSSA K. PETERS
                                        Georgia Bar No. 455211
                                        PATRICIA-ANNE UPSON
                                        Georgia Bar No. 564294

                                        Attorneys for Defendants

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Michael A. Caldwell
DeLong, Caldwell, Bridgers & Fitzpatrick
101 Marietta St., NW
3100 Centennial Tower
Atlanta, GA 30303

This 9th day of July, 2018.

            CONSTANGY, BROOKS, SMITH &
            PROPHETE, LLP

            /s/ Alyssa K. Peters
            ALYSSA K. PETERS
            Georgia Bar No. 455211

            Attorneys for Defendants

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com